PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.*
STANLEY MOREHOUSE, Appellant.

*Supreme Court, Fourth Department, General Term, July* 20, 1889.

1. *Arrest. Private person.*—A person, not an officer, is authorized by law
   to arrest a party for a crime committed in his presence, upon im-
   · mediate pursuit.
2. *Same. Assault.*—The fact that defendant raised a gun to his shoulder,
   cocked, pointed it towards a person and threatened to shoot him
   if he came any further, constitutes a crime, for which a private
   person, if done in his presence, has a right to arrest the defendant,
   if he proceeds promptly.
3. *Trial. Charge.*—A refusal to charge the jury that, " if the gun was
   not loaded at the time he pointed it at Decker, no crime was com-
   mitted, and the defendant must be acquitted," was not error.

*S. S. Taylor*, for appellant.

*Edgar Denton*, for respondents.

MARTIN, J.—This is an appeal from a judgment of the
court of sessions of Chemung county, on the conviction of
the defendant of assault, in the second degree, and from an
order denying a motion for a new trial. The indictment
was for assault in the first degree. The offense was com-
mitted at the village of Wellsburg in that county, on the
4th day of November, 1886.

On the day named, the defendant met Edward Decker
on one of the streets of the village, ordered him to stop,
raised a gun to his shoulder, cocked it, pointed it towards
Decker, and threatened to shoot him if he came any fur-
ther. Decker stopped, and returned to one of the hotels
" as quick as he could," obtained a gun, and, with others—
including a trustee of the village, a police officer and James

Welch—proceeded to a barn to which the defendant had fled, for the purpose of arresting him for his assault upon Decker. While these persons were attempting to arrest the defendant, he pointed his gun towards Welch, and threatened to shoot him if he came nearer. The defendant admitted that the gun was loaded and cocked, and there was other proof that tended to show that fact. The defendant was convicted of an assault upon Welch.

The defendant contends that his conviction was not justified by the evidence; that the evidence failed to show that the gun was loaded when he pointed it at Welch. This contention cannot be sustained, as the undisputed proof was that the defendant admitted that it was cocked and loaded; besides there was other evidence which tended to show that such was the fact. The evidence was sufficient to justify the jury in finding that the gun was loaded when pointed at Welch.

The defendant also contends that Welch was a trespasser in attempting to arrest him, and that he was, therefore, justified in using the means employed to prevent his arrest. Although Welch was not an officer, still he was authorized by law to arrest the defendant for a crime committed in his presence (Code Crim. Pro., § 183), and without informing him of the cause for arrest, if pursued immediately after the commission of the crime. Code Crim. Pro., § 184. Welch was present when the defendant pointed his gun at Decker and threatened to shoot him. If that act constituted a crime, then Welch was not a trespasser, but was justified in arresting the defendant, as the jury have found, upon sufficient evidence that the pursuit of the defendant was immediate. The defendant's claim is, that his act did not constitute a crime, because his attempt or threat to shoot Decker was dependent upon his refusal to obey the defendant's illegal direction to stop and go back, and he relied upon the case of the People v. Johnson (9 W. Dig. 384) to sustain that claim.

In that case the complainant went to defendant's room and entered into an altercation with her, whereupon the defendant took a revolver from her pocket, cocked it, and, pointing it at her, said, "If you come near to me I will shoot you." That was the people's entire case.

The court held that, admitting that it must be inferred that the pistol was charged from the threat to shoot, the proof did not establish an assault. That case is unlike this. In that case the defendant was in her own room and had an undoubted right to prevent the complainant from approaching her. There no threat was uttered, no violence intended, except upon the contingency that the complainant should violate that right. In the case at bar Decker was passing along a public street on his way home, and had a right to do so unmolested by the defendant. The defendant was a wrongdoer in interfering with him and requiring him to stop and go back. The contingency in the Johnson case was legal, and one the defendant had a right to insist upon and enforce; while in this, the contingency was illegal and one that the defendant had neither right to demand nor enforce. If the defendant's position is correct, he might, with equal justice, enter the house of another, and, by similar acts, require him to leave his home and family, and still be innocent of an assault. We do not think such is the law.

In State *v.* Horne (92 N. C. 805), it was held that where a person is obstructed in the exercise of a legal right, or prevented from doing what he proposes to do and might lawfully do, by a display of physical force, and by brandishing a deadly weapon with violent threats of using it, and this in such proximity as admits of an effectual execution of the menace, in consequence of which such person desists, an assault is consummated.

In Reg. *v.* St. George (9 Car. & P. 483), it was said, "If a person presents a pistol purporting to be a loaded pistol at another, and so near as to have been dangerous to life if

the pistol had gone off, semble that this is an assault, even though the pistol were in fact not loaded."

In State *v.* Cherry (11 Ired. 475), the defendant standing within a few feet of the complainant, presented a pistol at him, saying, " If you don't turn the negro loose I will shoot you," and it was held that it constituted an assault.

In delivering the opinion in that case the court said: " When a man presents a pistol at another, threatening to shoot, he puts him in fear, and gives him a legal excuse for a battery, and it may be questioned whether the act can be excused, by proving that the pistol was not loaded, without also proving that the other person knew that fact. In this case there was no proof that the pistol was not loaded, and the question is, was the state bound to prove that it was loaded? The fact that it was not loaded is a matter of excuse, and must be proved by the defendant. The fact was within his knowledge, and as by his act (actions, it is said, speak louder than words), he represented the pistol to be loaded, he has no right to complain, that such is *prima facie* taken to be the fact, unless he proves to the contrary."

In Commonwealth *v.* White (110 Mass. 407), it is said, if A. menacingly points at B. a gun, which B. has reasonable cause to believe loaded, and B. is put in fear of immediate bodily injury therefrom, and the circumstances would ordinarily induce such fear in a reasonable man, A. is guilty of an assault, although he, A., knows that the gun is not loaded. In Crow *v.* The State (41 Texas, 468), it was held that pointing a gun at a person is an assault unless it appeared that the gun was unloaded, and the burden of proof that it is unloaded is on the defendant. In The State *v.* Shepard (10 Iowa, 126), it was held, the pointing of a gun, which is not loaded, in a threatening manner, at another, constitutes an assault when the party at whom it is pointed does not know that it is not loaded, or has no reason to believe that it is not. See also Anonymous, 1 Vent. 256;

Genner v. Sparks, 6 Mod. 173, 174; Fairme's *Case*, 5 City Hall Rec. 95; People v. Lee, 1 Wheeler's Cases, 364; People v. Bransby, 32 N. Y. 525.

The principle of the case cited, when applied to the case at bar, justifies the conclusion that the defendant's threat to shoot Decker if he did not stop and turn back, accompanied by the act of cocking his gun and pointing it at him, constituted an assault.

We are of the opinion not only that the evidence was sufficient to sustain the verdict, but that it was sufficient to justify the judge in charging that an assault was committed upon Decker by the defendant in the presence of Welch, and that he had a right to arrest him, if he proceeded properly.

Nor do we think the court erred in declining to charge "that if the gun was not loaded at the time he pointed it at Decker no crime was committed, and the defendant must be acquitted."

There were no errors in the rejection or admission of evidence which would justify a reversal of the judgment herein, or which require special examination.

These considerations lead to the conclusion that there were no errors committed upon the trial which affected the substantial rights of the defendant, and that the judgment and order appealed from should be affirmed.

Judgment and order affirmed; and the clerk directed to enter judgment, and remit a certified copy, with the return and decision of this court to the court of sessions of Chemung county, pursuant to sections 547 and 548 of the Code of Criminal Procedure.

HARDIN, P. J., and MERWIN, J., concur.