BERNHARD LIEBSTADTER, Respondent, *v.* NATHAN FEDERGREEN, Appellant.

*Physical possession of real estate — not alone sufficient to justify a forcible ejectment therefrom — menace of violence — when an assault — verdict not excessive.*

The mere actual physical possession of premises by a person is not alone sufficient to justify him in using force and violence either to prevent the entry of the lawful occupant thereon or, after he has entered, to eject him therefrom.

The menace of violence with a dangerous weapon by a person within striking distance of the party menaced is an assault, although the person menaced is not actually struck, and damages may be recovered for such assault.

Where, in an action brought to recover damages, the verdict rendered by the jury is not so large as to indicate passion, corruption or prejudice, it should not be set aside as excessive.

APPEAL by the defendant, Nathan Federgreen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 29th day of September, 1893, upon the verdict of a jury for $350, rendered after a trial at the Sullivan Circuit, and also from an order entered in said clerk's office on the 29th day of September, 1893, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages resulting from an alleged assault committed by the defendant upon the plaintiff.

*George H. Carpenter,* for the appellant.

*T. F. Bush,* for the respondent.

HERRICK, J.:

When the plaintiff hired the store of the defendant he took that store as it had been theretofore used and occupied by the defendant himself; that gave him the right to the use of the cellar.

The defendant, by surreptitiously and wrongfully barring plaintiff's access to the cellar, did not thereby acquire a lawful possession thereof, within the meaning of *Bristor* v. *Burr* (120 N. Y. 431) which would entitle him to resist with force and violence the efforts of the plaintiff to enter thereupon. The mere actual physical possession of premises by a person is not alone sufficient to justify him in using force and violence either to prevent the entry of the lawful occupant thereon, or, after he has entered, to eject him therefrom.

The menace of violence with a dangerous weapon by a person within striking distance of the party menaced is an assault, although the person menaced is not actually struck, and damages may be recovered for such assault.

The amount recovered in this case, while it seems large, yet is not so large that we can say it is evidence of passion, corruption or prejudice, and the finding of the jury should not, therefore be disturbed.

The judgment should be affirmed, with costs.

MAYHAM, P. J., concurred.

Judgment affirmed, with costs.