## PEOPLE v. McKENZIE.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

ASSAULT IN SECOND DEGREE—SHOOTING BLANK CARTRIDGES.

Under Pen. Code, § 218, subd. 4, providing that a person who "assaults another by the use of a weapon or other instrument or thing likely to produce bodily harm * * * is guilty of assault in the second degree," it is not, as a matter of law, an assault in the second degree to fire a pistol loaded with blank cartridges at a person 70 feet distant; but in such case it is, at most, a question for the jury whether grievous bodily harm might result.

Appeal from court of sessions, Queens county.

Mary H. McKenzie was convicted of an assault in the second degree, and appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Amos H. Evans, for appellant.
Henry A. Monfort, for the People.

CULLEN, J. The appellant was indicted for and convicted of assault in the second degree in discharging a loaded pistol at one Daniel K. Hall. When the defendant fired the pistol she was in her house, and Hall was passing on the highway, some 70 or 80 feet distant. The defendant testified that the pistol discharged by her (a revolver) was loaded with blank cartridges only. In submitting the case to the jury the court charged:

"It is not necessary, in order to constitute this offense of assault in the second degree, that it should appear that the firearm used was loaded with powder and a leaden bullet. It is not necessary to show that, any more than it is necessary to show that the pistol was discharged. The mere pointing of a pistol, which is an instrument or thing likely to produce grievous bodily harm, at the person of another, willfully and wrongfully, with intent to injure, constitutes the offense charged in the indictment,—that of assault in the second degree."

The defendant excepted to that part of the charge wherein it was stated that to constitute the offense charged it was not necessary to show that the pistol was loaded with ball. The defendant then asked the court to charge the jury:

"That in order to convict the defendant of the charge of assault in the second degree they must find from the evidence that the pistol in the hands of the defendant was loaded with a bullet or some other substance likely to produce grievous bodily harm."

The court declined to so charge, and the defendant excepted. The defendant further asked the court to charge:

"That as to whether the pistol in this condition, of being loaded with a blank cartridge, was liable to produce grievous bodily harm, is one of fact alone for the jury to determine."

This was also refused and the defendant excepted.

We think the court erred in its conception of what was necessary to constitute assault in the second degree, and in its refusal to charge as requested by the defendant. The law, so far as it is applicable to this case, is to be found in subdivision 4, § 218, Pen. Code. A person who "wilfully and wrongfully assaults another by the use of a weapon or other instrument or thing likely to produce grievous bodily harm ° *  *  * is guilty of assault in the second degree." We are entirely clear that the qualification "likely to produce grievous bodily harm" applies to the term "weapon," as well as to the terms "other instrument or thing." This is the natural reading of the section, and, we think, the plain intention of the legislature. If this be so, it is also clear that, to establish the offense defined by the statute, it must be shown that the weapon with which the assault is made is likely to produce grievous bodily harm. The question whether the weapon is likely to produce grievous bodily harm is a question of fact. In some cases—as where a firearm loaded with a missile is used, or its use threatened, in proximity to the person assailed—it very well may be that the court can take judicial notice of the dangerous character of the weapon, and charge the jury that the fact exists. But where the weapon used is of such a character, or is used under such circumstances or in such a manner, that it may be fairly disputed whether it is likely to produce grievous bodily harm, the question of fact is for the jury. This seems to be the doctrine of the decided cases. People v. Irving, 95 N. Y. 546; Nelson v. People, 23 N. Y. 298; Abbott v. People, 86 N. Y. 471. In the case at bar it was at most a question of fact for the jury, in case they believed the statement of the defendant that the pistol was loaded only with blank cartridges, to determine whether it was likely to produce grievous bodily harm.

It is urged by the learned counsel for the people that to point a firearm menacingly against another is an assault, even though the firearm is not loaded, provided the party threatened has reason to believe that it is loaded; and that hence, as the statute has made an assault with a weapon an assault in the second degree, the offense is committed whether the firearm is loaded with a missile or not. Whether the premise of this argument is correct or not is not entirely certain on the authorities. Wharton, in his American Criminal Law (4th Ed., § 1244), states the legal principle to be:

"It is an assault to point a loaded pistol at any one, but not an assault to point a pistol at another which is proved not to be so loaded as to be able to be discharged."

This dictum seems to be approved in People v. Ryan, 55 Hun, 214, 8 N. Y. Supp. 241. In Hays v. People, 1 Hill, 351, it is stated that to constitute an assault the "act tending to do the corporeal injury must be accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." On the other hand, it was held in Com. v. White, 110 Mass. 407, that pointing a gun, though unloaded, at another was an assault. So it is stated in Bishop's Criminal Law (7th Ed.) § 32:

"Therefore, if within shooting distance one menacingly points at another with a gun apparently loaded, yet not loaded in fact, he commits an assault the same as if it were loaded."

We will assume, however, in accordance with what we believe to be the law, that the first proposition stated by the counsel is correct; still the conclusion he contends for does not follow. As we have already seen, to constitute the offense it is not only necessary that there should be an assault with a weapon, but that the weapon should be likely to produce grievous bodily harm. Whether it is actually likely to produce such harm or not may have no controlling effect on the question of a common assault, but it is of vital inquiry on the question of assault in the second degree, because the statute makes it a necessary ingredient of that crime. In the case of a common assault, the putting the party assailed in fear of violence against his person may be sufficient, but in the statutory offense it is not the apparent character of the weapon or thing, but the actual character that constitutes the crime. While it may be that under certain circumstances—as when held closely to the eye or face—a pistol loaded with a blank cartridge might be likely to produce grievous bodily harm, it by no means follows that it would be likely to produce any serious result when discharged at a distance of 70 or 80 feet. It cannot, therefore, be affirmed, either as a matter of law or as an unquestionable fact, that the weapon used by the defendant, if loaded as she states, came within the statute. The question should have been left to the jury.

The judgment should be reversed, and a new trial granted. All concur.