LILLIAN BECK, Appellant, v. FILIPPO LIBRARO, Respondent.

Second Department, May 13, 1927.

**Assault and battery — complaint alleges that defendant fired gun into plaintiff's apartment several times — plaintiff was not physically injured — complaint alleges defendant's conduct was wanton, reckless, etc.— not necessary to hold that defendant's act was technically assault — ignoring allegations of assault, complaint sufficiently states cause of action — in action to recover damages based on willful tort plaintiff may recover though no physical injury was suffered.**

This is an action to recover damages based on the alleged wanton, reckless, unlawful and mischievous act of the defendant in firing a gun into plaintiff's apartment in the night time, breaking a window thereof and injuring the household articles therein. In addition to the allegations stated, the complaint alleged that the plaintiff was not physically injured but was very badly frightened.

It is unnecessary to hold that the defendant's act was technically an assault.

Ignoring the allegation in the complaint that the defendant committed an assault, the complaint sufficiently states a cause of action against the defendant. The plaintiff may recover damages based on fright caused by the defendant's acts, since the cause of action is based on a willful tort and the rule applicable to negligence actions does not apply.

APPEAL by the plaintiff, Lillian Beck, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 11th day of March, 1927, granting defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Samuel Douglas* [*Barnett M. Bass* with him on the brief], for the appellant.

*Vito F. Lanza,* for the respondent.

KAPPER, J. The action is for damages for alleged personal injuries attributable to the defendant's act in discharging a loaded gun from the window of his home into and through a window of plaintiff's apartment while she was at home.

The defendant was successful in his motion made under rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state a cause of action.

The complaint charges that the defendant " assaulted " plaintiff. This conclusion of fact is followed by allegations showing that the defendant fired this gun into the plaintiff's apartment several times, in doing which the windows were broken, the bullets struck various parts of a room in which the plaintiff was, and broke household articles therein. Plaintiff also alleged that while the defendant did this shooting she was lying in bed, having but

a few moments before given birth to a child. The plaintiff was not shot, but alleged that defendant's act or acts caused her extreme fright, nervous shock and hysteria, and resulted in serious illness to her. The complaint also sets forth the conclusion that the defendant's conduct was wanton, reckless, unlawful and mischievous, and was committed without regard for plaintiff's safety, when the defendant knew from the lighted apartment in which plaintiff was that she was therein at the time, or that he should have known that an occupant was therein.

It is not necessary to hold that the defendant's act was technically an assault, although authority is not wanting for the proposition that an assault may be committed without an intention to shoot any one in particular if a pistol be fired recklessly resulting in a person being shot (see cases in 4 Am. Dig. [Cent. ed.] 981); and that an action for damages for an assault lies where a pistol is menacingly pointed at another without actually being fired. (*Liebstadter* v. *Federgreen*, 80 Hun, 245; *People* v. *Morehouse*, 6 N. Y. Supp. 763; memo., 53 Hun, 638. See, also, cases cited by CULLEN, J., in *People* v. *McKenzie*, 6 App. Div. 199, 201.) A dictum by Chief Justice SHAW (*Meader* v. *Stone*, 7 Metc. [Mass.] 147, 151) is instructive: " We have no doubt that an assault may be committed on one in a house, who is not seen or known to be there; as if one were wantonly to fire a loaded gun, and the ball should pass through a house where persons were, it might be an assault on all of them."

Ignoring the allegation of assault, the other acts charged in the complaint are sufficient to constitute a cause of action, in my opinion. The defendant relies on the well-known case of *Mitchell* v. *Rochester Railway Co.* (151 N. Y. 107), where it was held that a recovery of damages may not be had for injuries sustained by fright occasioned by the negligence of another where there is no immediate personal injury. In that case, while the plaintiff was standing upon a street crossing awaiting an opportunity to board an approaching street car drawn by horses, the approaching horses turned to the right and so close to the plaintiff as to result in her finding herself standing between the horses' heads when they were stopped; and her testimony was that from the fright and excitement caused by the approach and proximity of the team, she became unconscious and ill, and that a miscarriage followed. That case obviously was one of negligence in the want of ordinary prudence as ordinarily understood and accepted in law, and involved no element of wantonness or willfulness. Here, however, there is a great deal more. The defendant's act of shooting this gun through the lighted windows of plaintiff's apartment was so wanton, reckless and

mischievous as to constitute an apparent disregard of human safety. This is shown by a mere recital of the facts set forth in the complaint, even without the conclusion alleged that such was the character of the defendant's wrongdoing. We have held (*Preiser* v. *Wielandt*, 48 App. Div. 569, 572) that the doctrine of the *Mitchell Case* (*supra*) applies only to actions based on negligence and not to cases of willful tort; and that where the defendant's act was in and of itself wrongful, the fact that the injury started in fright is not a ground for denying a recovery of damages. Our decision in the case cited was followed by the First Department in *Williams* v. *Underhill* (63 App. Div. 223, 226). In this view, I think the complaint states a cause of action, and that its dismissal was error.

The order should, therefore, be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and LAZANSKY, JJ., concur.

Order dismissing complaint for insufficiency reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.