CHARLES J. LAPLANTE, Plaintiff, *v.* HOMER E. JOHNSON, Defendant.

County Court, Schoharie County, May 26, 1937.

*David B. Alford,* for the plaintiff.

*J. Ernest Wharton,* for the defendant.

GOLDING, J. The plaintiff has brought this action against defendant for assault and battery. The defendant makes this motion to dismiss the complaint alleging that a former judgment rendered in Justice Court in which the defendant was plaintiff and plaintiff the defendant, is *res judicata.* The plaintiff has not filed opposing affidavits so the allegations in defendant's affidavits are admitted.

The defendant, Johnson, commenced an action against the plaintiff, LaPlante, before a justice of the peace on two causes of action, one for balance due for goods sold and delivered, and the other for damages, alleging defendant maliciously and illegally tore certain pipes, wires and coils from plaintiff's automobile and other damages and alleged he was without fault or negligence and claimed damages for less than twenty-five dollars. LaPlante appeared and counterclaimed for damages as follows: " That on or about the above date [November 23, 1936] the plaintiff wilfully, maliciously and illegally drove his automobile into and against the defendant and did assault the defendant with the aid of and by the means of said automobile and that he did so without fault or negligence on the part of the defendant and without provocation, resulting in personal injuries to the defendant," and alleges he suffered from cuts, bruises and shock to his damage of fifty dollars.

Both parties appeared by attorneys and after trial the justice on December 24, 1936, rendered a judgment in favor of Johnson against LaPlante for eighteen dollars and thirty-seven cents. An execution was issued on the judgment and paid. The transcript of the record in the Justice Court action has not been produced on this motion but the justice makes an affidavit " That during the trial of said action, the defendant submitted evidence as to certain alleged personal injuries set forth in the attached counterclaim; that said evidence was duly considered by deponent and upon due deliberation of the counterclaim of the defendant, Charles LaPlante, said counterclaim was dismissed."

A justice of the peace has jurisdiction in an action for personal injuries where the damages claimed do not exceed two hundred dollars. (Justice Ct. Act, § 3, subd. 2.)

He has no jurisdiction in an action to recover damages for assault. (Justice Ct. Act, § 4, subd. 3.)

It has been held that a judgment in an action for assault and battery before a Justice Court, though unreversed, is no bar to a subsequent action on the case for the same injury, the former action not being within the jurisdiction of the justice and, therefore, a nullity. (*Blin* v. *Campbell*, 14 Johns. 432.)

Where two causes of action differ not only in form but also in substance and the issue involved in the second action could not be litigated in the first, the former is not a bar. (*Wille* v. *Meier*, 256 N. Y. 465.)

Was the counterclaim of defendant in the action before the justice one in an action for assault or personal injuries?

Personal injuries result not only from assault but also negligence. Both when committed are wrongs. In an assault action the

intent of the wrongdoer is an element, while not in negligence. Evidence of personal injuries would be receivable in both actions. The cause of action stated in defendant's counterclaim is one more of assault than negligence.  The act is alleged to have been committed " Wilfully and maliciously and that the plaintiff did assault the defendant with the aid of and by means of said automobile." The counterclaim having stated it was done " maliciously " means intentionally to do an act.  (*People* v. *Scutt*, 160 Misc. 26.)

Black's Dictionary (3d ed., p. 1148) ·defines a malicious act as " a wrongful act intentionally done without legal justification or excuse; an unlawful act done wilfully or purposely to injure another."

Defendant alleges he was free from fault and this allegation as to being free from neglect in an assault action would be surplusage. Without the evidence on the former trial, it cannot be determined that the former judgment is a bar as there is no certainty of what was tried before the justice.

If there is any uncertainty as to whether the precise question was raised and passed upon in the former action, the judgment is not conclusive.

Defendant has the affirmative to show the Justice Court judgment is a bar.   One who sets up a prior judgemnt as a bar or seeks to introduce it as conclusive evidence, must not only produce a record showirg a judicial determination of the questions litigated, but must also show the judgment was rendered on the merits. (*McDonald* v. *Hygienic Ice & Refrigerator Co.*, 148 App. Div. 539.)

Motion denied, with ten dollars costs.