THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM MOODY and JOHN MOODY, Defendants.

County Court, Queens County, April 1, 1954.

*T. Vincent Quinn, District Attorney,* for plaintiff.

*Nancy Corley* for defendants.

McCANN, J. Defendants have demurred to the Third and Fourth counts of an indictment pending against them, upon the ground that the facts stated therein do not constitute a crime. By the Fourth count of the indictment the defendants are

accused of the crime of assault in the second degree, committed as follows, '' the defendants aforenamed on or about January 23, 1954, in the County of Queens, assaulted Mack Logan by willfully and wrongfully choking, seizing and pushing the said Mack Logan with their hands, they being instruments and things likely to produce grievous bodily harm.'' According to section 242 of the Penal Law a person who under circumstances not amounting to the crime specified in section 240 (Assault in the first degree), '' 4. Wilfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm;  *  *  *  Is guilty of assault in the second degree.'' It is to be noted that the phrase '' or other instrument or thing '' follows immediately after the specific word '' weapon ''. The dictionary definition of the word weapon is '' An instrument of offensive or defensive combat; something to fight with '' (Webster's New Int. Dict.). No decision has come to the court's attention construing the phrase '' or other instrument or thing '' as used in section 242 of the Penal Law. However all of the decided cases involved the use of an actual weapon of some description. It has been held that to constitute the crime of assault in the second degree, under subdivision 4 of that statute that '' it is not only necessary that there should be an assault with a weapon, but that the weapon should be likely to produce grievous bodily harm. Whether it is actually likely to produce such harm or not, may have no controlling effect on the question of a common assault, but it is of vital inquiry on the question of an assault in the second degree, because the statute makes it a necessary ingredient of that crime. In the case of a common assault the putting the party assailed in fear of violence against his person may be sufficient, but in the statutory offense it is not the apparent character of the weapon or thing, but the actual character that constitutes the crime.'' (*People* v. *McKenzie,* 6 App. Div. 199, 201–202.)

While it is necessary to construe a statute and apply it in such a manner as to carry out the objects sought to be accomplished by it, it is also necessary that it be read according to the natural and obvious import of the language used, without resorting to subtle or forced construction either limiting or extending its effect (*People* v. *Schmidt,* 221 App. Div. 77). In addition, the general principle applicable to all questions of construction involved in criminal cases is that a penal statute must be strictly construed in favor of the defendant (*People ex rel. McAllister* v. *Duplan Silk Corp.,* 208 App. Div. 435, 438).

The language used in the statute under consideration in this case is clear and the only reasonable interpretation to place upon it, is that the phrase "other instrument or thing" means an object of some kind other than the bare hands or fists. This conclusion finds support in the doctrine of *ejusdem generis,* used in the interpretation of statutes which requires that "Where words of specific or inevitable purport are followed by words of general import the application of the last phrase is generally confined to the subject matter disclosed in the phrases with which it is connected; for it is known by the company it keeps; and though it might be capable of a wider significance if found alone, it is limited in its effect by the words to which it is an adjunct." (McKinney's Cons. Laws of N. Y., Book I, Statutes [1942 ed.], § 239.) It follows that since the hand in and of itself is not an instrument or thing likely to produce grievous bodily harm within the meaning of the statute under consideration, that the Fourth count of the indictment is legally defective on the face thereof, and that the demurrer thereto should be allowed. With respect to the Third count of the indictment the phrase "simulating the possession of a pistol" used therein is surplusage, and is not necessary to make out the crime charged, and consequently the demurrer to the said count is disallowed.

Submit order providing for allowance of demurrer to the Fourth count of the indictment with leave to the District Attorney to resubmit such charge to the same or another grand jury and that the demurrer to the Third count of the indictment be disallowed. After the making and entry of an order in accordance herewith the defendants are to be arraigned for pleading on the remaining three counts of the indictment.