GEORGE W. WILKES, Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued November 15, 1954; decided December 31, 1954.

*Adrian P. Burke, Corporation Counsel (Andrew Bellanca* and *Seymour B. Quel* of counsel), for appellant.

*Samuel Korb* and *Thomas Russell Jones* for respondent.

Judgment affirmed, with costs.

Concur: LEWIS, Ch. J., CONWAY, DESMOND, DYE and FROESSEL, JJ. FULD, J., dissents in an opinion in which VAN VOORHIS, J., concurs.

FULD, J. (dissenting). I find no evidence to support the finding, implicit in the jury's verdict, of negligence or fault on the part of the police officer or the defendant City of New York.

As I read the record, we have a case where a police officer of over twenty-five years' experience in the Department, did what he did, not only to effect an arrest and to overcome resistance, but in self-defense, to save himself from a possible fatal beating at the hands of a drunk-crazed powerful individual who had already inflicted serious injuries upon him. He shot at his drunken assailant after the latter, a much younger and bigger man, had twice thrown him to the ground, held him by the throat and was " coming for * * * [him] again." Indeed, he had already been struck a number of times, the " blood was running into * * * [his] left eye * * * and the other eye was a little * * * saggy from getting hit so often." It was only after reliance upon his fists and night stick had proved futile and the drunkard was grabbing and pulling at his service revolver that the officer did the only thing left for him to do; he fired at his attacker.

A police officer may use any " necessary means to effect the arrest " of a defendant who flees or resists arrest (Code Crim. Pro., § 174). In a case where a crowd has collected and stands in the line of fire, a finding of fault or negligence may be war-

ranted if an officer fires repeatedly at a fleeing suspect. But that is not this case. It may not here be said that the officer — weakened and bloodied by repeated blows, his night stick useless — acted recklessly or improvidently when he resorted to the use of his gun, and, then, only after carefully firing a warning shot into the air.

In point of fact, as already indicated, the officer was faced with more than an attempt to overcome resistance and effect an arrest. He was actually fighting for his life. At any rate, though, whichever it was, I would say, as a matter of law, that he did no more than was necessary and, in the doing, used no more force than was required.

I would reverse the judgment and dismiss the complaint.

Judgment affirmed.