AMANDA FLAMER, as Administratrix of the Estate of THOMAS F. WILSON, Deceased, Appellant, *v.* CITY OF YONKERS et al., Respondents.

Argued April 26, 1955; decided July 8, 1955.

*David Avstreih* and *Howard Rukeyser* for appellant. I. Since plaintiff's evidence amounted to a prima facie case, it was error for the trial court to dismiss the cause of action and refuse to submit the question of negligence to the jury. (*Cohen* v. *Consolidated Gas Co. of N. Y.,* 137 App. Div. 213, 202 N. Y. 578; *Rabinowitz* v. *Solomon,* 221 App. Div. 366; *Kraus* v. *Birnbaum,* 200 N. Y. 130; *Kiernan* v. *Krauth,* 242 App. Div. 772; *Fearick* v. *Lehigh Valley R. R. Co.,* 210 App. Div. 742; *Bagley* v. *Bowe,* 105 N. Y. 171; *Kennedy* v. *McAllaster,* 31 App. Div. 453; *Keenan* v. *Sheehan,* 205 Misc. 183; *Noseworthy* v. *City of New York,* 298 N. Y. 76.) II. On motion to dismiss at the end of plaintiff's case, defendant must point out the particular material allegation not proven by the evidence. (*Ramsay* v. *Miller,* 202 N. Y. 72; *Binsse* v. *Wood,* 37 N. Y. 526; *Gerding* v. *Haskin,* 141 N. Y. 514; *Pratt* v. *Dwelling House Mut. Fire Ins. Co.,* 130 N. Y. 206; *Weber* v. *Germania Fire Ins. Co.,* 16 App. Div. 596; *Berkenstat* v. *Oliver,* 275 App. Div. 679; *Guenther* v. *Amsden,* 16 App. Div. 607, 162 N. Y. 601; *Mackey* v. *Empire Rollerdrome of Brooklyn,* 267 App. Div. 995.) III. Defendant police officer's killing of plaintiff's intestate by means of unjustifiable violence constituted gross negligence. (*McCarthy* v. *City of New York,* 273 App. Div. 945, 273 App. Div. 1007; *Goldman* v. *City of New York,* 278 App. Div. 770; *Wilkes* v. *City of New York,* 283 App. Div. 724.) IV. It was error for the trial court to refuse to permit the jury to consider the question of negligence while submitting to it for determination the issue of assault based upon the same evidence. (*La Plante* v. *Johnson,* 163 Misc. 96, 255 App. Div. 248; *McGovern* v. *Weis,* 265 App. Div. 367, 266 App. Div. 712.)

*J. Raymond Hannon, Corporation Counsel,* for respondents. I. Defendants were not required to point out the material allegations not proven by the evidence in moving to dismiss the first cause of action. (*Byrnes* v. *New York, Lake Erie & Western R. R. Co.,* 113 N. Y. 251; *Collelli* v. *Turner,* 154 App. Div. 218, 215 N. Y. 675; *Fearick* v. *Lehigh Valley R. R. Co.,* 210 App. Div. 742.) II. Plaintiff's third cause of action was properly dismissed.

DYE, J. This is an action for the wrongful death of plaintiff's intestate, Thomas Franklin Wilson, who was shot and killed by a member of the Yonkers police force under circumstances allegedly requiring the City of Yonkers and the two police officers involved to respond in damages.

The complaint sets forth three causes of action, the first for negligence, the second for assault and a third against the city alone which was not prosecuted, for having knowingly and negligently employed unreliable police officers.

The defendants joined issue by filing an answer denying generally all three causes of action and interposed the defense of decedent's alleged contributory negligence to plaintiff's cause based on negligence.

Upon the trial and at the close of the plaintiff's proof, the trial judge granted defendants' motion to dismiss the plaintiff's alleged third cause of action and at the close of all the proof granted defendants' motion to dismiss the plaintiff's alleged first cause (negligence) for failure of proof, but denied a similar motion addressed to the second cause, assault, and submitted that to the jury which returned a verdict of no cause in favor of defendants.

This appeal deals only with the dismissal of the first cause of the complaint based on negligence. Briefly stated, the issue for our consideration is whether plaintiff's proof — which, for purposes of the motion, we accept as true — when viewed in the light of the most favorable inference rule — was prima facie sufficient to support a finding of negligence (*Cohen* v. *Consolidated Gas Co.,* 137 App. Div. 213, affd. 202 N. Y. 578). Likewise, when there is a conflict — and here there was — it is for the jury to determine the issue of credibility and weight (*Kraus* v. *Birnbaum,* 200 N. Y. 130, 133; *Meiselman* v. *Crown Heights Hosp.,* 285 N. Y. 389, 392; *Sadowski* v. *Long Is. R. R. Co.,* 292 N. Y. 448, 455).

Evidence adduced by witnesses called by the plaintiff shows that on the evening of August 26, 1949, the plaintiff's intestate, then twenty-eight years of age, and his nephew, Harold Flamer, met at the latter's home. At about 9:30 P.M. they went on a round of social beer drinking in the course of which they visited several friends and neighborhood taverns, finally winding up at the Columbia Bar and Grill between 12:30 and one o'clock. There

they engaged in some friendly horseplay with each other but stopped when warned to do so by the " bouncer ". Decedent then went to the end of the bar and engaged in a friendly conversation with a former girl friend which, for some reason not disclosed, turned into an argument. The barkeeper put in a call for the police. In the meantime the decedent broke off his argument with the girl and rejoined Flamer for a glass of beer.

When the officers entered everything was quiet. Nonetheless, they rushed to where decedent was sitting and grabbed him by the arms and began beating him over the head and shoulders with their night clubs and fists. Decedent struggled to his feet and, in an effort to defend himself, grabbed Officer Porach's night stick. In the ensuing struggle, they both went against the wall. Officer Hopper in the meantime backed away from the tussle and reached for his gun. Flamer shouted " Don't shoot him, he is drunk ". Hopper nodded his head as if indicating that he understood. By this time decedent and Porach had separated. Decedent was then standing in about the middle of the room shaking his head in a dazed manner, his arms hanging by his sides. Hopper, his gun drawn, backed up to the bar and from a distance of about twelve to fifteen feet from the decedent took aim and without any word of warning shot decedent who at the moment was looking in the other direction.

This testimony was furnished by four eyewitnesses: Flamer, the intestate's companion, a brother of the intestate who happened to enter the barroom just at the climactic moment, a porter employed in the tavern and a patron — all of whom were subjected to a severe and searching cross-examination which failed to shake their stories as to any material aspect. The police officers, contradicting the unfavorable aspects of the plaintiff's version of the affair, contended that the plaintiff's intestate was carrying on in such a threatening and belligerent manner as to require prompt and drastic action to subdue him; in other words, that in shooting the decedent they used no more force than the circumstances warranted.

In such a state of the record it was for the jury and not the court to determine which of the two versions was credible, which preponderated and in whose favor. While the plaintiff did not attempt to prove in so many words that the officers were engaged in making an arrest, we believe such fact was implicit in the

circumstances of this case and that the plaintiff's failure to show such fact by separate proof was not fatal. In any event, such omission is of no consequence on this appeal as whether the officers were or were not making an arrest is a question of fact for the jury.

We have also found it difficult to reconcile the action of the trial court in granting defendants' motion for dismissal of the plaintiff's first cause (negligence) and at the same time denying their motion to dismiss the second cause (assault) and letting that issue go to the jury.

In negligence actions, ordinarily the only proof required to establish a prima facie case is lack of care commensurate with the circumstances, while to support an action based on assault, intent is an essential element (*La Plante* v. *Johnson,* 163 Misc. 96, affd. 255 App. Div. 248). We believe the court erred as a matter of law when it dismissed the plaintiff's first cause based on negligence. Having reached this conclusion, other points assigned as error need not detain us. We have purposely omitted discussion of the defense based on intestate's alleged contributory negligence, as that too raised an issue of fact which should have been left to the jury.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

Conway, Ch. J., Desmond, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.

Judgments reversed, etc.