Van Voorhis, J.
(dissenting). The fellow-servant rule is antiquated and should, perhaps, be abolished, but unless it is eliminated I find no escape from the decision by the Appellate Division in applying it to the facts of this case. We should not, in this instance, endeavor to escape the effect of a rule which may be obsolete by reviving another which has been superseded, viz., that a police officer is not an employee of a municipality but is an independent public officer not subject to the rule of respondeat superior. That theory was abandoned with the waiver of immunity by the adoption of section 12-a (now § 8) of the Court of Claims Act (Bernardine v. City of New York, 294 N. Y. 361), and since then municipalities have been repeatedly held liable on a master and servant basis for every variety of negligence by its policemen — a result that could only have been reached on the basis that policemen are employees of the municipality. On that basis, and no other, “ Municipalities have been held liable to a bystander negligently shot by a policeman engaged in an altercation with another (Wilkes v. City of New York, 308 N. Y. 726); to a taxicab driver shot by a passenger negligently placed in his cab by policemen (Lubelfeld v. City of New York, 4 N Y 2d 455); to the estate of an arrested man who died from pneumonia caused by exposure in the jail and failure to treat a fractured hip and elbow (Dunham v. Village of Canisteo, 303 N. Y. 498); to the estate of a man negligently shot by a policeman for making a disturbance while intoxicated (Flamer v. City of Yonkers, 309 N. Y. 114); to the estate of a man arrested for public intoxication who died from cerebral hemorrhage in consequence of failure of the police to procure medical aid (O’Grady v. City of Fulton, 4 N Y 2d 717); to a wife shot by her husband to whom the police had negligently returned a pistol (Benway v. City of Watertown, 1 A D 2d 465); and to a bystander injured while directing traffic at the instance of a police officer (Adamo v. P. G. Motor Freight, 4 A D 2d 758). In McCrink v. City of New York (296 N. Y. 99) a city was held liable for negligently having omitted to discharge a police officer by whom plaintiff’s intestate was shot. In Meistinsky v. City of New York (309 N. Y. 998) the estate of a hold-up victim recovered who had been killed by an untrained officer’s bullets.” (Schuster v. City of New York, 5 N Y 2d 75, 81-82.)
*83 Unless the fellow-servant rule is abolished, which is not being done, I vote to affirm for these reasons on the opinion of the Appellate Division.
Chief Judge Desmond and Judges Burke, Scileppi and Bergan concur with Judge Fuld; Judge Van Voorhis dissents in an opinion in which Judge Dye concurs.
Judgment reversed, etc.