■ CARMAN FIGUEROA, as Administratrix of the Estate of FRANCISCO FIGUEROA, Deceased, et al., Appellants, v. ROBERT KIRMAYER, Respondent.— In an action to recover damages for (1) wrongful death and conscious pain and suffering of plaintiff Figueroa's intestate and (2) personal injuries of plaintiff Cruz, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered February 1, 1967 in favor of defendant upon the trial court's dismissal of plaintiffs' causes based on negligence, at the conclusion of all the proofs, and upon a jury verdict on plaintiffs' causes based on assault. Judgment affirmed, without costs. No opinion. Christ, Acting P. J., Rabin and Benjamin, JJ., concur; Brennan, J., concurs in affirmance as to plaintiff Cruz, but otherwise dissents and votes to reverse the judgment as to plaintiff Figueroa and to grant a new trial to her upon her causes based on assault only, with the following memorandum: Defendant shot and killed plaintiff Figueroa's intestate, Francisco Figueroa, and shot and seriously wounded plaintiff Cruz after an altercation in a diner on June 10, 1960. Defendant claimed that Cruz was engaged in an affirmative assault and battery upon his person and that Figueroa was aiding and abetting him, although defendant's testimony indicated that at no time did Figueroa actually touch him. Plaintiffs advanced two theories of action, one in negligence and one in assault and battery. At the close of all the proof the trial court dismissed the causes in negligence and submitted to the jury only the causes in assault, charging them that the assault had been established as a matter of law and that they were to determine solely the question of justification. In response to an inquiry from the jury as to whether they could split their verdict, in favor of one plaintiff and against the other, the court charged that both Figueroa and Cruz were involved in an assault upon defendant and that both plaintiffs stood or fell together. In my opinion, defendant's admissions established a civil assault as a matter of law and hence it was not erroneous to remove the negligence causes from the jury. Defendant testified that he took his gun out of his pocket and pointed it at Figueroa and also that he fired a shot into the wall in Cruz's general direction to warn him away and another shot in Figueroa's general direction. This established a civil assault and disposed of any question of negligence (*Pope* v. *State of New York,* 192 Misc. 587, affd. 277 App. Div. 1015; *Decker* v. *Werbenec,* 36 Misc 2d 220; *Matter of La Borie* v. *Habes,* 52 Misc 2d 768; *Liebstadter* v. *Federgreen,* 80 Hun 245). Plaintiffs

urge that defendant's testimony that he did not intend to shoot either Figueroa or Cruz raised a question of intention as a matter of law and thus required submission of the negligence theory to the jury. This argument misapprehends the nature of the intent required to charge defendant with the intentional tort. As recently stated by this court, the requisite legal intention has been established where an act is done "with the intention * * * of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other * * * although the act was not done with the intention of bringing about the resulting bodily harm" (*Masters* v. *Becker*, 22 A D 2d 118, 119–120). Further, the jury were not left free to render a defendant's verdict in the event they determine that defendant's conduct was unintentional, since they were clearly and explicitly charged, without exception, that the intentional tort had been established and that the sole question was one of justification. In this posture of the case it is manifest that the dismissal of the negligence causes only prejudiced defendant, who was thereby deprived of the defense of contributory negligence. Plaintiffs rely heavily on *Flamer* v. *City of Yonkers* (309 N. Y. 114). However, that case is distinguishable in that it dealt with police officers in the act of making an arrest. Policemen in the course of their employment are constantly called upon to engage in affirmative conduct and their occasional misjudgment and use of more force than reasonably necessary in any given instance may very well evidence negligence in commission. The same is not true of ordinary citizens and it is settled that where a private citizen uses more force than reasonably necessary to defend himself, his property or others, the resulting legal liability is in assault and battery (*Decker* v. *Werbenec*, 36 Misc 2d 220, *supra*; *Van Vooren* v. *Cook*, 273 App. Div. 88, mot. for rearg. den. 273 App. Div. 941). It follows, therefore, that the verdict of the jury established in the instant case that defendant committed a justifiable assault against Cruz who, in turn, was engaged in an affirmative assault upon defendant; and this conclusion is amply supported by the weight of the credible evidence. The judgment insofar as it is in favor of defendant against Cruz should therefore be affirmed. However, I am of the opinion that the trial court committed reversible error in charging the jury that Figueroa was, as a matter of law, engaged in the assault committed by Cruz. On this record the jury were free to find that Figueroa, although present and perhaps even approving Cruz's aggression, committed no overt act in furtherance of the assault and hence was not chargeable as a principal (*Steinberg* v. *Goldstein*, 51 Misc 2d 825, affd. 27 A D 2d 955). It was for the jury and not the court to determine whether or not defendant's testimony, which alone implicated Figueroa in the assault, was to be believed or not. There is no requirement that a jury believe all of a party's testimony or none of it and no inconsistency would be present in a verdict finding defendant's testimony reliable insofar as it asserted an assault by Cruz and unreliable insofar as it implicated Figueroa in that assault. The instruction complained of deprived the jury of this option and unfairly usurped their function. Therefore, the judgment should be reversed insofar as it is against plaintiff Figueroa and a new trial should be granted to her upon her cause based on assault. Martuscello, J., dissents and votes to reverse the judgment in its entirety and to grant a new trial to both plaintiffs, with the following memorandum: I concur with Mr. Justice Brennan's dissent insofar as it is for reversal and a new trial as to plaintiff Figueroa on her cause based on assault. I am of the further opinion, however, that there should also be a reversal and new trial as to plaintiff Cruz and that the new trial should be on the negligence causes of both plaintiffs and on the assault cause of plaintiff Figueroa. Since defendant denied that he had

intent to shoot either Figueroa or Cruz, the trial court should not have dismissed the causes of action in negligence. Defendant's denial presented an issue of fact for the jury as to whether he had been negligent in discharging his weapon (cf. *Flamer* v. *City of Yonkers*, 309 N. Y. 114, in particular p. 119, where the Court of Appeals stated: "In negligence actions, ordinarily the only proof required to establish a prima facie case is lack of care commensurate with the circumstances, while to support an action based on assault, intent is an essential element").