■ ALICE TOOMEY, as Administratrix of the Estate of THOMAS P. TOOMEY, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In an action to recover damages for conscious pain and suffering, and for wrongful death, the appeal is from a judgment entered on the dismissal of the complaint, on respondent's motion. The complaint sets forth three causes of action. The first two, for conscious pain and suffering based upon assault and negligence, were dismissed before the case was submitted to the

jury. We are not concerned here with those causes of action. The third cause of action, for wrongful death, was similarly founded upon assault and negligence. The court held that the assault allegations had not been proven, and submitted that cause of action to the jury only on the negligence theory, reserving decision on the motion to dismiss on that theory also. Thereafter, the third cause of action was dismissed, upon the jury's failure to agree. Judgment reversed and a new trial granted on the third cause of action, with costs to appellant to abide the event. In our opinion, it was error to dismiss that cause of action. Appellant's intestate was shot and killed by one of respondent's employees, and there was testimony by eyewitnesses, also respondent's employees, called by appellant, that the shooting occurred during the course of an attempt by the intestate to commit a robbery. The evidence on that question, however, was not so conclusive as to require such a finding by the jury (cf. *Becker* v. *Koch,* 104 N. Y. 394; *Cross* v. *Cross,* 108 N. Y. 628; *Frey* v. *Green Bus Lines,* 259 App. Div. 891), or to justify the determination by the trial court that there was no question of fact for the jury to decide. Respondent's witness Roche, who did the shooting testified that his revolver was fired accidentally, while he was using it as a club, to subdue the intestate, and that when he struck the blow that resulted in the discharge of the revolver, its muzzle was pointed upward. However, the course of the bullet through the body of the intestate was downward. The blow was struck by Roche while he had his trigger finger on the trigger of the revolver, and there was evidence that Roche was not trained in the use of such a weapon. (Cf. *Meistinsky* v. *City of New York,* 285 App. Div. 1153, affd. 309 N. Y. 998.) Concededly, the intestate was not armed. In our opinion, there was sufficient evidence of assault and of negligence on the part of respondent, and its employee, to present a question of fact for determination by the jury. If the shooting occurred while the intestate was attempting to commit a robbery on respondent's property, respondent owed him no duty of affirmative care. In such a case Roche was not required to retreat, and had the right to resist the attempted robbery and to use whatever means lay within his power, necessary to that end, even to the extent of killing his assailant. (*People* v. *Fiori,* 123 App. Div. 174; *People* v. *Ligouri,* 284 N. Y. 309, 317.) It was for the jury to determine, however, whether the intestate was engaged in an attempt to commit a robbery and if so, whether the shooting took place in the actual attempt by Roche to prevent it, or was a willful, wanton and unnecessary act under the circumstances disclosed. If there was no attempt on the intestate's part to commit a robbery, the jury should have been permitted to determine whether Roche was justified in attempting to subdue him by the use of a revolver, and whether the intestate's death resulted from lack of care, commensurate with the circumstances on the part of respondent, or its employee acting in the scope of his employment. (Cf. *Magar* v. *Hammond,* 183 N. Y. 387; *Flamer* v. *City of Yonkers,* 309 N. Y. 114; *McCarthy* v. *City of New York,* 96 N. Y. S. 2d 910, affd. 273 App. Div. 945.) Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Beldock and Ughetta, JJ., dissent and vote to affirm the judgment.