KENNETH MAZZAFERRO, Appellant, v ALBANY MOTEL ENTER-
PRISES, INC., et al., Defendants, and TEN EYCK HOTEL
ASSOCIATES et al., Respondents.

Third Department, May 14, 1987

## APPEARANCES OF COUNSEL

*Friedman, Maksail, Hirschen & Miller (Jeffrey N. Miller* of counsel), for appellant.

*Donohue, Donohue & Sabo, P. C. (Bruce S. Huttner* of counsel), for respondents.

## OPINION OF THE COURT

LEVINE, J.

Plaintiff brought the instant damage action for personal injuries he sustained as a result of allegedly being attacked in a discotheque and cocktail lounge in a downtown hotel in the City of Albany. He sued, among others, the corporate operator of the establishment and the agency which provided security there on two alternative causes of action, negligence and the intentional tort of assault and battery. Plaintiff's proof at the trial, from his testimony and that of two friends who were eyewitnesses, was that, while sitting at the bar having a drink, another patron, who was intoxicated, became· aggressive, spilled a drink on him and then struck him. Plaintiff and his assailant grappled until two "bouncers" employed by the establishment seized the man who had attacked plaintiff and ejected him from the premises. Moments later, plaintiff was struck from behind by a bus boy and another bouncer, as a result of which he fell and suffered the injuries complained of. The defense essentially was that plaintiff was never attacked by security personnel of the establishment but, in fact, any injuries he sustained were wholly as a result of his fracas with the other patron. Statements by plaintiff given immediately after the incident, consistent with the defense's version of what transpired, were introduced into evidence.

At the close of all the proof, the trial court dismissed plaintiff's negligence cause of action. The jury returned a verdict of no cause of action on the remaining claim for assault and battery. This appeal by plaintiff followed.

Plaintiff's only assignment of error is the refusal of the trial court to submit his cause of action in negligence to the jury. It is conceded there was no evidence introduced of negligence on

the part of defendants* in hiring or training security personnel. Plaintiff claims, however, that his evidence established the negligence cause of action in that it supported inferences that defendants' employees were guilty of unintentionally excessive and unnecessary use of force, or negligent misapprehension that plaintiff was the aggressor rather than the patron who had struck him, or that their infliction of physical harm upon plaintiff was negligent rather than intentional. Whether the evidence supported any such inferences, however, is irrelevant. Plaintiff's proof admitted of no other inference than that defendants' employees' offensive touching of plaintiff, if it occurred at all, was intentional and not inadvertent. That being so, any right to recover for resultant injuries was on the basis of the intentional tort of assault and battery, rather than in negligence. New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently *(Trott v Merit Dept. Store,* 106 AD2d 158, 160; *Masters v Becker,* 22 AD2d 118, 120; Restatement [Second] of Torts § 16 [1977]). "There is, properly speaking, no such thing as a negligent assault" (Prosser and Keeton, Torts § 10, at 46 [5th ed]). As to plaintiff's contention that a claim for negligence arose out of defendants' employees' use of unintentionally excessive force, that issue remains subsumed exclusively under a cause of action for assault. Unreasonably excessive force would only have been an issue in the case if defendants had asserted the defense of privilege or justification for the assault *(see, Van Vooren v Cook,* 273 App Div 88, 92; Restatement [Second] of Torts §§ 63, 80 [1977]). Likewise, if the assaultive acts were committed under a mistaken belief as to the true facts, the reasonableness of the misapprehension would be at issue only with respect to a defense of privilege or justification (Prosser and Keeton, Torts § 17, at 111 [5th ed]). No such defense was interposed here, however, since defendants chose to contest the claim solely on the basis that their employees did not commit any acts which injured plaintiff. In any event, as the foregoing demonstrates, the authorities are clear that any lack of care in the course of

---

* At the conclusion of plaintiff's proof, plaintiff stipulated to discontinue the action as against defendants Albany Motel Enterprises, Inc. and Servico, Inc. Therefore, the only remaining defendants were Ten Eyck Hotel Associates and Servico Management Corporation, who are collectively referred to as defendants.

committing an assault does not convert the action from intentional tort to negligence.

Each of the cases plaintiff cites as precedent for the existence of a cause of action for negligent assault involved injury inflicted by a peace officer in the course of the performance of his duties *(see, Flamer v City of Yonkers,* 309 NY 114; *Toomey v New York City Tr. Auth.,* 6 AD2d 906; *McCarthy v City of New York,* 96 NYS2d 910, *affd* 273 App Div 945). Whether or not these cases would today be decided the same way in light of the analysis found in the more recent case law and the Restatement (Second) of Torts, their application has been expressly limited to conduct in the course of law enforcement activities by the police, despite argument that they extend to assaultive behavior by a civilian *(see, Figueroa v Kirmayer,* 32 AD2d 923, 924 [Brennan, J., concurring in part and dissenting in part], *affd* 26 NY2d 923, 924). Accordingly, the trial court properly dismissed plaintiff's negligence cause of action before submitting the case to the jury.

MAHONEY, P. J., WEISS, MIKOLL and HARVEY, JJ., concur.

Judgment affirmed, without costs.