DARLENE L. RAFFERTY, Respondent, v ARNOT OGDEN MEMORIAL HOSPITAL, Defendant, and PAUL L. LEISENRING, Appellant.—Mahoney, P. J.

On October 3, 1984, plaintiff was allegedly assaulted and sexually molested in her hospital room at defendant Arnot Ogden Memorial Hospital. Thereafter, she brought suit against the hospital, which, in turn, impleaded defendant Paul L. Leisenring, the alleged attacker. During the course of the litigation, the hospital discontinued its third-party action and plaintiff amended her complaint to include Leisenring as a defendant. Plaintiff served an amended complaint on Leisenring which set forth a single cause of action against him for alleged injuries and damages "cause[d] by the tortious, willful and negligent acts of the defendant, Paul L. Leisenring". Plaintiff then served a second amended complaint which still only alleged one cause of action but now characterized Leisenring's conduct as "careless, negligent, willful, intentional, and without just cause". Both the amended complaint and the second amended complaint alleged that plaintiff was "assaulted, molested and sexually abused".

A close reading of the amended and second amended complaint fails to clarify if plaintiff's single cause of action is one for negligence or if it alleges a cause of action for the intentional tort of assault and battery. As we stated in *Mazzaferro v Albany Motel Enters.* (127 AD2d 374, 376), "New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence." "There is, properly speaking, no such thing as a negligent assault" (Prosser and Keeton, Torts § 10, at 46).

Accordingly, since there cannot be a verdict in plaintiff's favor upon both negligence and assault theories, and *Mazzaferro* would require the trial court to dismiss either the negligence or assault action at the close of plaintiff's proof, it seems clear that plaintiff should be required to separately state and number her causes of action in order to permit an orderly trial. We have held that orders granting a motion pursuant to CPLR 3014 to compel a plaintiff to separately state and number causes of action are not appealable as of right since such order does not affect a substantial right (see, *Alexander v Kiviranna,* 52 AD2d 982). However, here, the denial of such a motion does affect a substantial right of Leisenring.

Order reversed, on the law, with costs, and complaint dismissed with leave to serve an amended complaint. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.