■ BERNADETTE PANZELLA, Appellant, v JEFFREY S. BURNS, Respondent, et al., Defendant.—In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Leone, J.), dated October 20, 1988, as, after a nonjury trial, is in favor of the plaintiff and against the defendant Jeffrey Burns only in the amount of $25,000, declines to award her special or punitive damages, and, in effect, dismisses the third, fourth, and fifth causes of action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On March 21, 1985, while inside the Richmond County Supreme Court building, the defendant Jeffrey Burns, an attorney, punched the plaintiff, also an attorney, in the face, breaking her nose. That act marked the culmination of a verbal altercation between the two which had begun inside a Judge's chambers during their representation of clients in a matrimonial action. Both parties filed criminal complaints against the other for harassment which were eventually dismissed. Thereafter, the instant action was commenced.

Contrary to plaintiff's contention, the court properly dis-

missed her third cause of action sounding in negligence. It is well settled that once intentional offensive contact has been established, the actor is liable for assault and not negligence. " 'There is, properly speaking, no such thing as a negligent assault' " *(Rafferty v Ogden Mem. Hosp.,* 140 AD2d 911, quoting from Prosser and Keeton, Torts § 10, at 46; *see also, Trott v Merit Dept. Store,* 106 AD2d 158). We further find that the court properly denied recovery on the plaintiff's fourth cause of action for slander. The statements made by the defendant in the Judge's chambers were privileged since they may be considered pertinent to the underlying litigation *(see, Dougherty v Flanagan, Kelly, Ronan, Spollen & Stewart,* 145 AD2d 461; *Martirano v Frost,* 25 NY2d 505, 507). Furthermore, under the circumstances, the court properly determined that the obscenities uttered by the defendant would not be understood in a literal context by those who heard them.

We note additionally that the court properly denied recovery on the plaintiff's fifth cause of action for malicious prosecution. The plaintiff failed to establish that the underlying criminal action was resolved in her favor *(see, Miller v Star,* 123 AD2d 750, 751; *Hollender v Trump Vil. Coop.,* 58 NY2d 420).

We find no reason to disturb the damage award. We have reviewed the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.