■ REINALDO BARRAZA, Appellant, v RAMON SAMBADE et al., Respondents. [622 NYS2d 964] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered September 17, 1993, which, upon an order of the same court, dated July 16, 1993, granting the defendants' separate motions to dismiss the complaint, is in favor of the defendants.

Ordered that the judgment is modified, as a matter of discretion, by deleting the provision thereof which is in favor of the defendant Ramon Sambade; as so modified, the judgment is affirmed, and the plaintiff is granted leave to serve an amended complaint on Ramon Sambade, alleging causes of action to recover damages for the intentional torts of assault and battery only; and it is further,

Ordered that the plaintiff's time to serve the amended complaint is extended until 20 days after service upon him of a copy of this decision and order with notice of entry; and it is further,

Ordered that the defendant Aurora Sambade is awarded one bill of costs, payable by the plaintiff.

The plaintiff, a tenant in a house owned by the defendants, allegedly was injured when he was stabbed by the defendant Ramon Sambade during a dispute. He thereafter commenced this action against the defendants alleging, *inter alia,* that they were negligent in assaulting him and/or in permitting him to be assaulted. The complaint did not set forth a cause of action sounding in intentional tort, although the plaintiff subsequently served a bill of particulars which alleged that Ramon Sambade had brandished a knife "with the intent to stab [the] plaintiff and cause [the] plaintiff bodily harm."

At trial, prior to the opening statements, the defendant Ramon Sambade moved to dismiss the complaint insofar as it was asserted against him on the ground that he had not acted negligently. In response, the plaintiff contended that he should be permitted to pursue an intentional tort claim against Ramon Sambade at trial. The Supreme Court treated the plaintiff's application as one for leave to amend the complaint and denied it, but directed that the negligence cause of action should proceed to trial. At the close of the plaintiff's case, the court granted the defendants' separate motions to dismiss the complaint for failure to establish a prima facie case of negligence, and a judgment was subsequently entered in favor of defendants.

The Supreme Court correctly dismissed the negligence cause of action against both of the defendants. With regard to Ramon Sambade, the gravamen of the plaintiff's claim was that he had negligently assaulted the plaintiff by stabbing him. However, it is well settled that no cause of action for negligent assault exists in New York *(see, Richman v Nussdorf,* 203 AD2d 548; *Rafferty v Ogden Mem. Hosp.,* 140 AD2d 911) because "once intentional offensive conduct has been established, the actor is liable for assault and not negligence" *(Panzella v Burns,* 169 AD2d 824, 825; *see, Mazzaferro v Albany Motel Enters.,* 127 AD2d 374). Moreover, the evidence presented by the plaintiff at trial fails to demonstrate that the defendant Aurora Sambade was present during the attack or that she knew or should reasonably have foreseen that the attack would occur *(see, e.g., Toma v Charbonneau,* 186 AD2d 846). Hence, based upon the evidence before it, there was no rational process by which the jury could have found in favor of the plaintiff on his negligence claim against Aurora Sambade *(see generally, Cohen v Hallmark Cards,* 45 NY2d 493; *Candelier v City of New York,* 129 AD2d 145; *Nicastro v Park,* 113 AD2d 129; *Lipsius v White,* 91 AD2d 271).

However, the Supreme Court improvidently exercised its discretion by refusing to permit the plaintiff to amend the complaint to plead causes of action against Ramon Sambade for damages for the intentional torts of assault and battery. These causes of action are an additional theory of recovery based on the same facts alleged in the original complaint and during discovery. The record unequivocally demonstrates that Ramon Sambade was familiar with the facts underlying these causes of action from the outset of the litigation. Moreover, he failed to demonstrate, or even allege, that any prejudice or surprise would result from the proposed amendment *(see,*

CPLR 3025 [b]; *Warrensburg Bd. & Paper Corp. v Adirondack Hydro Dev. Corp.,* 186 AD2d 305; *Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271; *Wyso v City of New York,* 91 AD2d 661; *Carlisle v County of Nassau,* 75 AD2d 593). Ramon Sambade's belated claims of prejudice, asserted for the first time on appeal, are not properly before this Court *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757), and, in any event, are unpersuasive under the circumstances of this case. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.