■ Joseph A. Sarmiento, an Infant, by His Mother and Natural Guardian, Susan Sarmiento, et al., Respondents, v Northern Woods Realty Corp. et al., Defendants, and Richard Babcock, an Infant, by His Guardian, Irene Babcock, Appellant. [666 NYS2d 439] —In an action to recover damages for personal injuries, etc., the defendant Richard Babcock appeals from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated October 7, 1996, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff sustained physical injuries, including a fractured skull, when he fell from his bicycle. The plaintiffs adduced evidence that the appellant, an older youth, chased the infant plaintiff on another bicycle and that contact between the two bicycles was a contributing cause of the fall. The appellant moved for summary judgment, contending, *inter alia*, that, as a matter of law, he could not be held liable on the sole negligence claim asserted against him because, assuming the truth of the plaintiffs' evidence, the infant plaintiff was injured as a result of an unpleaded intentional tort (*see, e.g., Barraza v Sambade,* 212 AD2d 655; *Panzella v Burns,* 169 AD2d 824). We disagree. ·

The Supreme Court properly denied the appellant's motion for summary judgment. There are questions as to whether the appellant caused the infant plaintiff's injuries and, if so, whether he was injured as a result of the appellant's negligence or as a result of an unpleaded intentional tort. These are issues of fact for a jury's determination (*see, Alford v St. Nicholas Holding Corp.,* 218 AD2d 622; *McLaughlin v Thaima Realty Corp.,* 161 AD2d 383). Miller, J. P., Pizzuto, Goldstein and Florio, JJ., concur.