■ BLIMIE WERTZBERGER, Appellant, v CITY OF NEW YORK, Respondent. [680 NYS2d 260] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered September 2, 1997, which, upon a jury verdict, is in favor of the defendant and against the plaintiff.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly denied the plaintiff's request for a negligence charge. The gravamen of the plaintiff's claim was that the defendant, by its police officers, assaulted her by slapping handcuffs on her wrists and pushing her into a patrol car upon her arrest. It is well settled that no cause of action to recover damages for negligent assault exists in New York (*see, Richman v Nussdorf,* 203 AD2d 548; *Rafferty v Arnot Ogden Mem. Hosp.,* 140 AD2d 911), because "once intentional offensive conduct has been established, the actor is liable for assault and not negligence" (*Panzella v Burns,* 169 AD2d 824, 825; *see, Mazzaferro v Albany Motel Enters.,* 127 AD2d 374).

Contrary to the plaintiff's contention, the Supreme Court correctly denied her motion to set aside the verdict under CPLR 4404 (a). The jury could have reached its determination on a fair interpretation of the evidence presented, with consideration given to the credibility of the witnesses and the drawing of reasonable inferences therefrom (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Pomaro v McKeon,* 228 AD2d 572; *Nicastro v Park,* 113 AD2d 129; *Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.