THOMAS WRASE, Appellant, v JOHN BOSCO, Respondent. (And a Third-Party Action.) (Action No. 1.) THOMAS WRASE,

Appellant, v "John" Yacoobi, Respondent. (Action No. 2.) [706 NYS2d 434] —In related actions to recover damages for personal injuries, Thomas Wrase, the plaintiff in both actions appeals from an order of the Supreme Court, Suffolk County (Hall, J.), entered February 17, 1999, which granted the defendants' respective motions for summary judgment dismissing the complaints.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On the evening of October 20, 1990, the plaintiff, a security guard, escorted the defendants in both actions out of a nightclub because they behaved inappropriately. The defendants attempted to reenter the premises but were stopped by another member of the security staff, Doug Wentz. An altercation began, and the plaintiff was injured. Nearly three years later, the plaintiff commenced these actions against the defendants alleging that his injuries were caused by the "recklessness, carelessness and negligence" of the defendants. The defendants separately moved for summary judgment dismissing the complaint, and the Supreme Court granted the motions. We affirm.

The plaintiff's actions were properly treated as seeking to recover damages for intentional assault and were properly dismissed as time-barred by the one-year Statute of Limitations set forth in CPLR 215. Contrary to plaintiff's contentions, if, based on a reading of the factual allegations, the essence of the complaints was to recover damages for injuries as the result of an assault, the plaintiff cannot avoid the Statute of Limitations by seeking to recover damages for negligence (*see, Goldberg v Sitomer, Sitomer & Porges,* 97 AD2d 114, *affd* 63 NY2d 831, *cert denied* 470 US 1028; *Friedman v Gallinelli,* 240 AD2d 699; *Trott v Merit Dept. Store,* 106 AD2d 158). It is well settled that no cause of action to recover damages for negligent assault exists in New York (*see, Wertzberger v City of New York,* 254 AD2d 352; *Richman v Nussdorf,* 203 AD2d 548; *Rafferty v Arnot Ogden Mem. Hosp.,* 140 AD2d 911). "[O]nce intentional offensive contact has been established, the actor is liable for assault and not negligence" (*Panzella v Burns,* 169 AD2d 824, 825; *see, Wertzberger v City of New York, supra*; *Sanchez v Wallkill Cent. School Dist.,* 221 AD2d 857; *Mazzaferro v Albany Motel Enters.,* 127 AD2d 374).

The plaintiff's remaining contentions are without merit. Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.