■ RYAN SCHETZEN, an Infant, by His Parent and Natural Guardian, WARREN SCHETZEN, et al., Appellants, v CHARLES ROBOTSIS, an Infant, by His Parent and Natural Guardian, CHARLES S. ROBOTSIS, et al., Respondents. [709 NYS2d 193] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated May 25, 1999, which granted the motion of the defendant Christopher Thurau for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court, dated September 1, 1999, which granted the separate motions of the defendants Charles Robotsis and Michael Sulin for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs' cause of action, which was couched in terms of negligence, was properly treated as a cause of action to recover damages for an assault. The plaintiffs alleged solely that the defendants "negligently held" or "negligently struck" their minor plaintiff son. On appeal, the plaintiffs contend that their cause of action was not one alleging intentional tort. Contrary to plaintiffs' contentions, if, based on a reading of the factual

allegations, the essence of the cause of action is, as here, assault, the plaintiffs cannot exalt form over substance by labeling the action as one to recover damages for negligence (*see, Goldberg v Sitomer, Sitomer & Porges,* 97 AD2d 114, *affd* 63 NY2d 831, *cert denied* 470 US 1028; *Friedman v Gallinelli,* 240 AD2d 699; *Trott v Merit Dept. Store,* 106 AD2d 158). It is well settled that no cause of action to recover damages for negligent assault exists in New York (*see, Wertzberger v City of New York,* 254 AD2d 352; *Barraza v Sambade,* 212 AD2d 655; *Fariello v City of New York Bd. of Educ.,* 199 AD2d 461; *Richman v Nussdorf,* 203 AD2d 548; *Rafferty v Arnot Ogden Mem. Hosp.,* 140 AD2d 911; *see also,* Prosser & Keeton, Torts § 10, at 46 [5th ed]), because " 'once intentional offensive [contact] has been established, the actor is liable for assault and not negligence' " (*Wertzenberger v City of New York, supra,* at 352; *see, Sanchez v Wallkill Cent. School Dist.,* 221 AD2d 857; *Panzella v Burns,* 169 AD2d 824; *Mazzaferro v Albany Motel Enters.,* 127 AD2d 374).

The plaintiffs' remaining contentions are without merit. Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.