■ EVARISTO PADRO et al., Respondents, v BERTELSMAN MUSIC GROUP et al., Defendants, and LEHR CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) LEHR CONSTRUCTION CORP., Second Third-Party Plaintiff-Appellant, v RCC CONCRETE CORP., Second Third-Party Defendant-Respondent. [718 NYS2d 296] —Judgment, Supreme Court, Bronx County (Barry Salman, J., and a jury), entered on or about October 19, 1999, awarding plaintiff laborer damages on his Labor Law § 240 (1) cause of action against defendant construction site

owner and construction manager, awarding the site owner common-law indemnification against the construction manager, and not awarding the construction manager indemnification or contribution against third-party defendant concrete contractor, plaintiff's employer, "notwithstanding the apportionment of liability found by the jury" of 90% against plaintiff's employer and 10% against the construction manager, unanimously modified, on the law, to award the construction manager 90% contribution against plaintiff's employer, and otherwise affirmed, without costs.

The construction manager's posttrial motion should have been granted to the extent it sought judgment for contribution against plaintiff's employer, based on the jury's verdict apportioning fault for plaintiff's injuries 10% against the construction manager and 90% against the employer. The prayer for relief in the construction manager's third-party complaint against the employer, which requested judgment "for all or that portion of any verdict or judgment which may be obtained herein by the plaintiff against [the construction manager] to the extent that the responsibility of [the employer] contributed thereto," gave sufficient notice of a contribution claim. Even if the third-party complaint failed to plead a contribution claim, the court should have granted the construction manager's posttrial motion to amend its pleadings to conform to the evidence so as to assert such a claim (CPLR 3025 [c]). Although the construction manager never expressly referred to its contribution claim at any point during trial, this did not prejudice the employer in any way, since the question of apportionment of fault for plaintiff's injuries was litigated and submitted to the jury. The employer actively and aggressively litigated the issue of the construction manager's and its own respective shares of fault, and fails to identify any evidence or arguments it withheld from presentation at trial based on an understanding that indemnification was the only issue in the case against it. Accordingly, the construction manager should have been granted contribution in accordance with the jury's verdict (see, *Equitable Life Assur. Socy. v Nico Constr. Co.*, 245 AD2d 194, 196; *Gonfiantini v Zino*, 184 AD2d 368, 369-370).

The construction manager's argument that it should have been granted contractual indemnification is unpreserved because it did not request such relief, or set forth any basis for it, in the papers supporting its posttrial motion. Even if this argument were preserved, the indemnification provision of the contract between the employer and the site owner is unenforceable to the extent it purports to entitle the construction

manager to indemnify for liability for plaintiff's injuries, for which the jury determined that the construction manager was 10% culpable (General Obligations Law § 5-322.1). Given the statute's purpose "to prevent a prevalent practice in the construction industry of requiring subcontractors to assume liability by contract for the negligence of others" (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 794), it is of no moment that the construction manager is a third-party beneficiary of the relevant contract, rather than a party thereto.

The 90% apportionment against the employer is sufficiently supported by evidence that it was in overall control of the scaffold at the time of the accident, in the absence of evidence that some other party created the hole in the scaffold through which plaintiff fell. We note that the employer mischaracterizes the construction manager's position at trial as having been simply that the scaffold was unaltered and safe, ignoring the construction manager's alternative argument that, if the scaffold was altered, the employer was responsible. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.