■ WILLIAM YASUNA, Respondent, v BIG V SUPERMARKETS, INC., et al. Appellants. [725 NYS2d 656] —In an action to recover damages for personal injuries, the defendants appeal from (1) an interlocutory judgment of the Supreme Court, Dutchess County (LaCava, J.), entered August 26, 1999, which, upon a jury verdict, is in favor of the plaintiff and against them on the issue of liability, and (2) a judgment of the same court, entered December 10, 1999, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $425,000.

Ordered that the appeal from the interlocutory judgment is dismissed, as that interlocutory judgment was superseded by the judgment; and it is further,

Ordered that the judgment is reversed, on the law, the interlocutory judgment is vacated, and a new trial on the issue of liability is granted, with costs to abide the event. The jury's findings of fact as to damages are affirmed.

The plaintiff allegedly was injured when he was detained by the defendant Jonkheer Van Tassel, Jr., an employee of the defendant Big V Supermarkets, for shoplifting merchandise. He thereafter commenced this action against the defendants alleging, *inter alia,* that they were negligent in assaulting him and/or in permitting him to be assaulted. The plaintiff testified that Van Tassel intentionally threw him to the ground and

threatened him with a raised fist. The plaintiff also contended that Big V Supermarkets had negligently trained Van Tassel. The defendants presented evidence that Van Tassel merely stuck his arm out and that the plaintiff tripped while attempting to flee, knocking both men to the ground. The defendants contended that the manner in which the plaintiff was detained was reasonable.

The trial court erred in failing to charge the jury that it could not find both negligence on the part of the defendants and liability for the intentional torts of assault and/or battery based upon the same acts (*see, Wertzberger v City of New York,* 254 AD2d 352; *Barraza v Sambade,* 212 AD2d 655). Once intentional offensive conduct has been established, the actor is liable for assault and not negligence (*see, Panzella v Burns,* 169 AD2d 824). The trial court further erred in not separately charging the jury on any potential negligence by Big V Supermarkets. In addition, to the extent that the defendants offered evidence that the plaintiff tripped as Van Tassel put his arm out, a charge on comparative fault should have been given to the jury. Accordingly, the defendants are entitled to a new trial on liability.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (*see, Gaetan v New York City Tr. Auth.,* 213 AD2d 510), and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *In Soo Kim v Jung Woo Constr. Corp.,* 264 AD2d 467). The jury verdict on damages in this case cannot be said to deviate materially from what would be reasonable compensation.

In view of the foregoing, we do not reach the appellants' remaining contentions. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.