■ MARC THOMAS, Respondent, v BASSIROU FAYEE, Appellant. [756 NYS2d 584] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 23, 2001, as, upon granting the plaintiff's motion for leave to reargue and renew, vacated the original determination and denied his prior motion for summary judgment dismissing the complaint, which had been granted by order of the same court, dated March 23, 2001.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the provision thereof vacating the original determination and denying the motion for summary judgment is deleted, and a provision adhering to the determination in the order dated March 23, 2001, is substituted therefor.

On December 28, 1996, the plaintiff was a passenger in a livery cab operated by the defendant. At his examination before trial, the plaintiff testified that he and the defendant had a

dispute over the fare and that he told defendant to pull over so that he could exit the cab. The plaintiff further stated that after he got out of the cab, he "turned around and * * * punched [the cab's right front] window out," whereupon the cab "jumped up on the sidewalk and * * * hit me." Throughout his deposition the plaintiff maintained that the defendant intentionally struck him with the cab. Indeed, the plaintiff stated that "the [defendant] tried to kill me, if you look at it, that was attempted murder with a deadly weapon."

At his examination before trial, the defendant stated that after the plaintiff exited the car, he "broke the [window], and said, 'I am going to shoot you,'" and at that point the defendant drove away. However, the defendant insisted that his vehicle never made any contact with the plaintiff. Upon reargument and renewal, the Supreme Court denied the defendant's motion for summary judgment, finding "there are questions of fact which require a trial." We reverse.

Based upon the parties' respective depositions, which is the only evidence submitted to the Supreme Court, it is clear that no matter whose scenario of the event is credited, the plaintiff cannot establish a prima facie case of negligence against the defendant. The plaintiff's testimony only makes out a claim for assault, and "once intentional offensive conduct has been established, the actor is liable for assault and not negligence" (*Panzella v Burns*, 169 AD2d 824, 825; *see also Barraza v Sambade*, 212 AD2d 655). Similarly, no claim for negligence can be supported by reference to the defendant's deposition wherein he denied that there was any contact between his car and the plaintiff.

Accordingly, the defendant made a prima facie showing of entitlement to judgment as a matter of law, and in opposition thereto, the plaintiff failed to raise a triable issue of fact. Therefore, the defendant was entitled to summary judgment dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.