■ BENNARDI & ASSOCIATES, INC., et al., Appellants, v RAMSONS ONE, INC., et al., Respondents. [779 NYS2d 630]—

Mugglin, J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 16, 2003 in Albany County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

By contract dated August 1, 1998, defendants, the owners of the Clarion Inn and Suites at 611 Troy-Schenectady Road in the Town of Colonie, Albany County, agreed with plaintiffs to pay plaintiffs $4,500 monthly to manage this hotel property. The contract provided that it could be terminated at any time for cause. Also, the contract could be terminated without cause upon 30 days' notice by paying a one-time liquidated damages fee of $4,500. By letter dated April 15, 2001, defendants terminated the contract stating, "Per my contract with you, upon service of a thirty days notice, our agreement ceases as of 15th May 2001. Your fees will be calculated and paid for up to that date." Plaintiffs then commenced this action seeking damages for breach of contract, interference with business relationships, interference with employment relationships and defamation. In their answer, defendants asserted various counterclaims. Following joinder of issue, defendants moved for summary judgment dismissing plaintiffs' complaint and for summary judgment on their counterclaims. Supreme Court dismissed plaintiffs' complaint, but denied summary judgment on the counterclaims. Plaintiffs appeal, but address only the dismissal of their cause of action for breach of contract. By failing to address the remainder of their claims, we deem these to have been abandoned (*see Isabell v U.W. Marx, Inc.*, 299 AD2d 701, 702 [2002]).

In the complaint, plaintiffs simply allege that the termination of the contract without any basis was a breach. As amplified by their bill of particulars, plaintiffs assert that the breach occurred because defendants failed to properly fund the hotel, misrepresented operations of the hotel and misappropriated funds of the hotel. Our review of the record leads us to conclude that Supreme Court properly determined that defendants shifted the burden to plaintiffs requiring plaintiffs to lay bare their evidence to raise triable issues of fact concerning these allegations and that they failed to do so (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Rather, plaintiffs, for the first time, in opposition to the motion for summary judgment, claimed that they are owed 5½ months of management fees which they earned prior to the termination of the contract. Plaintiffs may not avoid summary dismissal of the complaint because of the existence of an arguably meritorious cause of action different from those pleaded (*see Annutto v Village of Herkimer*, 56 Misc 2d 186 [1968], *revd in part on other grounds* 31 AD2d 733 [1968], *appeal dismissed* 24 NY2d 820 [1969]; *see also Central State Bank v American Appraisal Co.*, 33 AD2d 1009 [1970], *affd* 28 NY2d 578 [1971]). Under the circumstances of this case, however, plaintiffs should be granted leave to apply to Supreme Court for leave to serve and file an amended complaint (*see e.g. Raymond Babtkis Assoc. v Tarazi Realty Corp.*, 34 AD2d 754 [1970]; *Bright v O'Neill*, 3 AD2d 728 [1957]).

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the facts, without costs, by allowing plaintiffs to apply to Supreme Court for leave to serve and file an amended complaint, and, as so modified, affirmed.