■ LARRY HERNANDEZ, Appellant, v STATE OF NEW YORK, Respondent. [835 NYS2d 288]—

In a claim to recover damages for assault, the claimant appeals from an order of the Court of Claims (Scuccimarra, J.), dated February 9, 2006, which denied his motion pursuant to Court of Claims Act § 10 (6) for leave to file a late claim against the State of New York.

Ordered that the order is affirmed, with costs.

Pursuant to Court of Claims Act § 10 (6), the Court of Claims may, in its discretion, permit a claimant to file a late claim against the State of New York "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules." Here, contrary to the claimant's contention, the Court of Claims correctly concluded that the claim to recover damages for assault sounded in intentional tort, not negligence, since no cause of action to recover damages for negligent assault exists in New York (*see Allstate Ins. Co. v Schimmel,* 22 AD3d 616 [2005]; *Schetzen v Robotsis,* 273 AD2d 220, 221 [2000]; *Wrase v Bosco,* 271 AD2d 440, 441 [2000]). Thus, when the claimant moved by notice of motion dated November 21, 2005 for leave to file a late claim against the State of New York pursuant to Court of Claims Act § 10 (6), his claim regarding an incident that occurred on May 22, 2004 already was time barred by a one-year limitations' period (*see* CPLR 215 [3]). Accordingly, the Court of Claims properly denied the claimant's motion.

The claimant's remaining contentions are without merit. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.