■ George A. Ciminello, Appellant-Respondent, v Brian C. Sullivan et al., Respondents, and Robert Hartford, Respondent-Appellant. [885 NYS2d 118]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 17, 2008, as granted that branch of the motion of the defendants Brian C. Sullivan and Gerard E. Sullivan which was for summary judgment dismissing the complaint insofar as asserted against Gerard E. Sullivan and denied, as academic, that branch of his cross motion which was for summary judgment on the issue of liability, and the defendant Robert Hartford cross-appeals, as limited by his brief, from so much of the same order as, sua sponte, in effect, granted the plaintiff leave to serve and file an amended complaint, and granted that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars.

Ordered that on the Court's own motion, the defendant Robert Hartford's notice of cross appeal from so much of the order as, sua sponte, in effect, granted the plaintiff leave to serve and file an amended complaint is treated as an application for leave to cross appeal from that portion of the order, and leave to cross appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In September 2005 the plaintiff George A. Ciminello commenced this action to recover damages for injuries allegedly sustained after he was struck by a cup thrown from a moving vehicle owned by the defendant Gerard E. Sullivan and operated by the defendant Brian C. Sullivan (hereinafter together the Sullivan defendants), in which the defendant Robert Hartford was a passenger. The single cause of action interposed against the defendants was to recover damages for negligence. After the completion of discovery and the filing of the note of issue, the Sullivan defendants moved for summary judgment dismissing the complaint insofar as asserted against them and the plaintiff cross-moved for summary judgment on the issue of liability and for leave to amend the bill of particulars.

The Supreme Court granted that branch of the motion which

was for summary judgment dismissing the complaint insofar as asserted against Gerard E. Sullivan, but denied the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Brian C. Sullivan. The court denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability, finding that the injuries resulted from intentional rather than negligent conduct. The court, sua sponte, in effect, granted the plaintiff leave to serve and file an amended complaint. Finally, the court granted that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars.

The Supreme Court properly granted the branch of the Sullivan defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Gerard E. Sullivan. To establish liability pursuant to Vehicle and Traffic Law § 388 (1), the plaintiff must show negligence in the use or operation of the vehicle, and that the negligence was a cause of the injury (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 562 [1999]). Here, the plaintiff's injury was caused by the throwing of the cup and did not arise out of the use or operation of the vehicle (*see Levitt v Peluso*, 168 Misc 2d 239, 245-246 [1995]; *see also Empire Ins. Co. v Schliessman*, 306 AD2d 512 [2003]; *Progressive Cas. Ins. Co. v Yodice*, 276 AD2d 540 [2000]; *Eagle Ins. Co. v Butts*, 269 AD2d 558 [2000]).

The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. Based upon the evidence submitted to the Supreme Court, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the cause of action alleging negligence against Brian C. Sullivan and Robert Hartford (*see Thomas v Fayee*, 302 AD2d 451 [2003]). Once intentional offensive contact has been established, the actor is liable for battery, not negligence (*see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]; *Yasuna v Big V Supermarkets*, 282 AD2d 744 [2001]; *Panzella v Burns*, 169 AD2d 824, 825 [1991]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion by, sua sponte, in effect, granting the plaintiff leave to serve and file an amended complaint (*see Bennardi & Assoc., Inc. v Ramsons One, Inc.*, 8 AD3d 948 [2004]; *see also Barraza v Sambade*, 212 AD2d 655 [1995]). Moreover, the Supreme Court providently exercised its discretion in granting the branch of the plaintiff's cross motion which was for leave to amend the bill of particulars (*see Ito v 324 E. 9th St. Corp.*, 49 AD3d 816 [2008]; *Grande v Peteroy*, 39 AD3d 590 [2007]; *Singh v Rosenberg*, 32 AD3d 840 [2006]).

In light of our determination, we need not address the plaintiff's remaining contention (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]). Hartford's remaining contention on his cross appeal is not properly before us, as it is improperly raised for the first time on the cross appeal (*see Abrams v Abrams*, 57 AD3d 809 [2008]; *Padro v Bertelsman Music Group*, 278 AD2d 61 [2000]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur. [*See* 2008 NY Slip Op 30911(U).]