In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered April 27, 2011, which, upon a jury verdict in favor of the defendant Village of Pelham and against her, dismissed the complaint insofar as asserted against the defendant Village of Pelham.
Ordered that the judgment is affirmed, with costs.
The Supreme Court correctly denied the plaintiff’s request for a negligence charge based on her claim that a police officer, employed by the defendant Village of Pelham, used excessive force in arresting, detaining, and transporting her. “[N]o cause of action to recover damages for negligent assault exists in New York” (Wertzberger v City of New York, 254 AD2d 352, 352 *726 [1998]; see Rafferty v Ogden Mem. Hosp., 140 AD2d 911 [1988]). Here, the plaintiff was arrested at the Pelham Police Department pursuant to a warrant issued from Yonkers and was thereafter transported to Yonkers. At trial, the plaintiff testified that the arresting detective manipulated her arm in an unnatural way in order to handcuff her from behind, dragged her into a holding cell, and kept her tightly handcuffed until she was transported to Yonkers. Such testimony only constitutes a claim for assault. “[0]nce intentional offensive conduct has been established, the actor is liable for assault and not negligence” (Panzella v Burns, 169 AD2d 824, 825 [1991]; see Thomas v Fayee, 302 AD2d 451, 452 [2003]; Wrase v Bosco, 271 AD2d 440 [2000]; Barraza v Sambade, 212 AD2d 655 [1995]; see also Ciminello v Sullivan, 65 AD3d 1002 [2009]).
Contrary to the plaintiff’s contention, the verdict was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). The detective presented a sharply different account as to how he handcuffed the plaintiff and placed her in the holding cell, and it cannot be said that the evidence so preponderated in favor of the plaintiff that the jury could not have reached its verdict in favor of the Village on any fair interpretation of the evidence (see Ahr v Karolewski, 48 AD3d 719 [2008]).
Under the circumstances of this case, the plaintiffs remaining contention does not require reversal. Eng, PJ., Florio, Sgroi and Miller, JJ., concur.