Borrerro v Haks Group, Inc. (2018 NY Slip Op 07282)





Borrerro v Haks Group, Inc.


2018 NY Slip Op 07282


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-04616
 (Index No. 58/16)

[*1]Oscar Borrerro, appellant, 
v
Haks Group, Inc., et al., defendants, Gennadiy Domnitser, respondent.


Goidel & Siegel, LLP, New York, NY (Andrew Siegel of counsel), for appellant.
Kennedys CMK, LLP, New York, NY (Sean T. Burns and Hilary Simon of counsel), for respondent Gennadiy Domnitser.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 6, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Gennadiy Domnitser which were pursuant to CPLR 3211(a)(7) to dismiss the first, seventh, and ninth causes of action in the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, employed as a union organizer, allegedly was injured after an altercation arose at a construction site located on the premises of a housing development operated by the New York City Housing Authority. The plaintiff commenced this action, inter alia, to recover damages for negligence, negligent infliction of emotional distress, and constitutional violations (hereinafter the first, seventh, and ninth causes of action, respectively).
The defendant Gennadiy Domnitser, an individual who was employed by a private contractor working at the job site, subsequently moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first, seventh, and ninth causes of action insofar as asserted against him for failure to state a cause of action. In the order appealed from, the Supreme Court, inter alia, granted those branches of Domnitser's motion. The plaintiff appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). "In assessing a motion under CPLR 3211(a)(7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d at 88; see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists [*2]regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, the first cause of action sought to recover damages for negligence. "[C]onduct is considered negligent when it tends to subject another to an unreasonable risk of harm arising from one or more particular foreseeable hazards" (Di Ponzio v Riordan, 89 NY2d 578, 584). The general duty of care in a negligence action requires an individual "to use that degree of care that a reasonably prudent person would have used under the same circumstances" (PJI 2:10). Accordingly, in order to determine whether liability exists, "the jury must compare the defendant's conduct to that of a reasonable person under like circumstances" (Reis v Volvo Cars of N. Am., 24 NY3d 35, 42).
"Negligence is distinguished from assault and battery by the absence of that intent which is a necessary ingredient of the latter" (Jones v Kent, 35 AD2d 622, 622; see Flamer v City of Yonkers, 309 NY 114, 119; see also 1 Warren's Negligence in New York Courts § 2.07 [2018]). New York does not recognize a cause of action to recover for negligent assault or battery (see Johnson v City of New York, 148 AD3d 1126, 1127; Oteri v Village of Pelham, 100 AD3d 725, 725; Hernandez v State of New York, 39 AD3d 709, 709; Allstate Ins. Co. v Schimmel, 22 AD3d 616, 616; Schetzen v Robotsis, 273 AD2d 220, 221; Wrase v Bosco, 271 AD2d 440, 441; Wertzberger v City of New York, 254 AD2d 352, 352; Barraza v Sambade, 212 AD2d 655, 656; Richman v Nussdorf, 203 AD2d 548; Fariello v City of New York Bd. of Educ., 199 AD2d 461, 462).
Although "the same act may constitute battery or negligence depending on whether or not it was intentional, . . . there cannot be recovery for both" (NY PJI 3:3, Comment [2017 Update]; see Rafferty v Ogden Mem. Hosp., 140 AD2d 911, 912; Murray v Long Is. R.R. Co., 35 AD2d 579, 580). As such, "if the only inference that may be drawn from plaintiff's evidence is that defendant's contact with plaintiff was intentional, plaintiff may recover only in battery and the issue of negligence should not be submitted to the jury" (NY PJI 3:3, Comment; see Thomas v Fayee, 302 AD2d 451, 452). Accordingly, "[o]nce intentional offensive contact has been established, the actor is liable for battery, not negligence" (Ciminello v Sullivan, 65 AD3d 1002, 1003; see Thomas v Fayee, 302 AD2d at 452; Yasuna v Big V Supermarkets, 282 AD2d 744, 745; Wrase v Bosco, 271 AD2d 440, 441; Barraza v Sambade, 212 AD2d 655, 656; Panzella v Burns, 169 AD2d 824, 825).
Here, the plaintiff alleged that he was injured as a result of Domnitser's intentional acts which were directed toward third parties during the physical altercation. Contrary to the plaintiff's contention, even if Domnitser lacked any intent to make physical contact with, or otherwise injure, the plaintiff, the conduct attributed to Domnitser in the amended complaint, even as amplified by the plaintiff's affidavit, constituted intentional, rather than negligent, conduct (see Parler v North Sea Ins. Co., 129 AD3d 926, 928; Mark McNichol Enters. v First Fin. Ins. Co., 284 AD2d 964, 964; see also Palsgraf v Long Is. R. R. Co., 248 NY 339, 344; see generally Restatement [Second] of Torts § 20[2]; Prosser & Keeton, Torts § 8 at 37-38 [5th ed 1984]; but see Rubino v Ramos, 226 AD2d 912, 912-913). The amended complaint, as amplified by the plaintiff's affidavit, failed to allege that the plaintiff's injuries were caused by any unintentional conduct attributable to Domnitser (cf. Van Buren v Lacerra, 151 AD3d 1003, 1004-1005). The fact that the amended complaint generally alleged that Domnitser acted "negligently" does not change the analysis. As this Court has previously stated, "if, based on a reading of the factual allegations, the essence of the cause of action is, as here, assault [or battery], the plaintiffs cannot exalt form over substance by labeling the action as one to recover damages for negligence" (Schetzen v Robotsis, 273 AD2d at 220-221; see generally Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883). Accordingly, we agree with the Supreme Court's determination to grant that branch of Domnitser's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against him.
We also agree with the Supreme Court's determination to grant dismissal of the seventh cause of action. "A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety" (Sacino v Warwick Val. Cent. Sch. Dist., 138 AD3d 717, 719; see Taggart v Costabile, 131 AD3d 243, 255-256). A negligent infliction of emotional distress cause of action "must fail where, as here, [n]o allegations of negligence appear in the pleadings'" (Daluise v Sottile, 40 AD3d [*3]801, 803, quoting Russo v Iacono, 73 AD2d 913; see Santana v Leith, 117 AD3d 711, 712).
We further agree with the Supreme Court's determination to grant dismissal of the ninth cause of action, which was to recover damages for constitutional violations. "In order to maintain an action under 42 USC § 1983, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States" (Everett v Eastchester Police Dept., 157 AD3d 658, 659; see Pitchell v Callan, 13 F3d 545, 547). "In order to state a claim under § 1983, a plaintiff must allege that he [or she] was injured by either a state actor or a private party acting under color of state law" (Ciambriello v County of Nassau, 292 F3d 307, 323). Here, the amended complaint, as amplified by the plaintiff's affidavit, failed to adequately allege the existence of either state action or a state actor (see Everett v Eastchester Police Dept., 157 AD3d at 659; Dahlberg v Becker, 748 F2d 85, 92-93 [2d Cir]).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court