Thomasson v Demarco (2023 NY Slip Op 03034)

Thomasson v Demarco

2023 NY Slip Op 03034

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03791
 (Index No. 607158/19)

[*1]Harry R. Thomasson, appellant, 
v
Anthony P. Demarco, Sr., et al., respondents.

Harry R. Thomasson, Wantagh, NY, appellant pro se.
Michael S. Finkelstein, Garden City, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 11, 2020. The order, insofar as appealed from, granted the defendants' cross-motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that on the Court's own motion, the parties to the appeal are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon the plaintiff pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by serving and filing an affirmation or affidavit on that issue via NYSCEF, on or before July 7, 2023; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve a copy of this order to show cause upon the parties by uploading a copy of this order to the NYSCEF system; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action on May 27, 2019, alleging that on October 5, 2017, the defendants, believing incorrectly that they needed to defend themselves against the plaintiff, grabbed and struck him, causing him to sustain personal injuries. The complaint purports to assert causes of action alleging negligence and gross negligence.
The defendants cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint, contending that the complaint alleged an intentional tort and was barred by the one-year statute of limitations. The Supreme Court granted the cross-motion, and the plaintiff appeals.
"It is well settled that no cause of action to recover damages for negligent assault exists in New York" (Wrase v Bosco, 271 AD2d 440, 441). A court must look to the substance of the allegations in a complaint, as opposed to the characterization of the allegations by the parties, to determine which limitations period is applicable to a cause of action (see Potter v Zucker Hillside [*2]Hosp., 176 AD3d 884, 885).
Here, the complaint alleges intentional, offensive conduct, and the plaintiff's allegation that the defendants mistakenly believed that they were acting in self-defense does not convert the time-barred intentional tort of assault into a timely cause of action alleging negligence (see Johnson v City of New York, 148 AD3d 1126, 1127).
The plaintiff's remaining contentions are either without merit (see Allstate Ins. Co. v Schimmel, 22 AD3d 616; Mazzaferro v Albany Motel Enters., 127 AD2d 374, 376) or improperly raised for the first time on appeal.
In addition, since the plaintiff has raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), and/or were undertaken primarily to delay or prolong the resolution of the litigation (see id. § 130-1.1[c][1], [2]), the appeal may be frivolous (see Patouhas v Patouhas, 172 AD3d 1221, 1222). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions, including reimbursement to the defendants for reasonable attorneys' fees in connection with this appeal, should or should not be imposed upon the plaintiff.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court