Pleva v County of Suffolk (2023 NY Slip Op 06394)

Pleva v County of Suffolk

2023 NY Slip Op 06394

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-07476
 (Index No. 605457/15)

[*1]Debra Pleva, respondent, 
v
County of Suffolk, et al., appellants.

Dennis Brown, Acting County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for appellants.
Dell & Dean, PLLC (Jay J. Massaro and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, assault, and battery, the defendants appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated September 10, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence, assault, and battery.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries she allegedly sustained during an altercation with police officers employed by the County of Suffolk and the Suffolk County Police Department (hereinafter together the defendants). The incident occurred while the police officers were attempting to arrest the plaintiff's boyfriend. The defendants moved, among other things, for summary judgment dismissing the causes of action alleging negligence, assault, and battery. In an order dated September 10, 2020, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
New York does not recognize a cause of action alleging negligent assault or battery (see Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217; Johnson v City of New York, 148 AD3d 1126, 1127. "As such, if the only inference that may be drawn from plaintiff's evidence is that defendant's contact with plaintiff was intentional, . . . the issue of negligence should not be submitted to the jury" (Borrerro v Haks Group, Inc., 165 AD3d at 1218 [internal quotation marks omitted]; see NY PJI 3:3, Comment; Thomas v Fayee, 302 AD2d 451, 452). Although the defendant raises this argument for the first time on appeal, we reach the issue, as "it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture" (MTGLQ Invs., L.P. v Baksh, 215 AD3d 666, 668 [internal quotation marks omitted]; see Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1126, 1128).
Here, the defendants established their prima facie entitlement to summary judgment dismissing the plaintiff's cause of action alleging negligence by submitting, inter alia, a transcript [*2]of the plaintiff's testimony at a General Municipal Law § 50-h hearing, in which she testified that a police officer grabbed her, picked her up, and threw her to the ground, causing her injuries. Where, as here, intentional offensive conduct has been established, the actor may be found liable for assault or battery, but not negligence (see Borrerro v Haks Group, Inc., 165 AD3d at 1218; Oteri v Village of Pelham, 100 AD3d 725, 726). In opposition, the plaintiff failed to raise a triable issue of fact as to whether any of her alleged injuries were caused by unintentional conduct (see Borrerro v Haks Group, Inc., 165 AD3d at 1218; Oteri v Village of Pelham, 100 AD3d at 726). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence.
However, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging assault and battery. Police officers are entitled to qualified immunity on state law claims if their actions are "objectively reasonable" (Holland v City of Poughkeepsie, 90 AD3d 841, 846; see Lepore v Town of Greenburgh, 120 AD3d 1202, 1203). The determination of whether a use of force was objectively reasonable is an "intensely factual" question "best left for a jury to decide" (Williams v City of New York, 129 AD3d 1066, 1067 [internal quotation marks omitted]; see Lepore v Town of Greenburgh, 120 AD3d at 1203; Holland v City of Poughkeepsie, 90 AD3d at 844). Here, the defendants' submissions failed to eliminate triable issues of fact as to whether the police officer's actions were objectively reasonable under the circumstances.
The defendants' remaining contentions either need not be reached in light of our determination or are without merit.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court