In an action to recover damages for personal injuries, the defendant Michael Salvoni, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated February 4, 2016, as denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against him.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action to recover damages for personal injuries allegedly caused by the defendant Michael Salvoni, Jr. (hereinafter Salvoni, Jr.), when Salvoni, Jr., put the plaintiff in a “bear hug,” causing both of them to topple over an air mattress and the plaintiff to strike his head on a space heater. The plaintiff asserted causes of action to recover damages under theories of negligence and “intentional assault,” but later withdrew the cause of action alleging “intentional assault.” Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Salvoni, Jr., and Salvoni, Jr., appeals.
 

 The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Salvoni, Jr. In support of their motion, they argued that the conduct of Salvoni, Jr., was intentional, and that “ ‘[o]nce intentional offensive conduct has been established, the actor is liable for assault and not negligence’” (Oteri v Village of Pelham, 100 AD3d 725, 726 [2012], quoting Panzella v Burns, 169 AD2d 824, 825 [1991]). They further contended that no cause of action to recover damages for “negligent assault” exists in New York (Hernandez v State of New York, 39 AD3d 709, 709 [2007]). However, in support of their motion, the defendants submitted the transcripts of the deposition testimony of both the plaintiff and Salvoni, Jr. The plaintiff testified that he and Salvoni, Jr., were “best friends,” and that during the incident Salvoni, Jr., was “trying to goof off.” The plaintiff testified that Salvoni, Jr., “has that goofy mentality, which I love, that’s why he’s my best friend. He’s just — he’s innocent, like, it’s like nothing would ever be done like to do that to you on purpose.” Salvoni, Jr., testified that he and the plaintiff were “teasing each other,” “joking around,” and “laughing,” and that when he put the plaintiff in a bear hug, they “managed to roll off of the air mattress” they had been sitting on. This testimony created a triable issue of fact as to whether the conduct of Salvoni, Jr., while intentional, was intended to be offensive.
 

 Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Salvoni, Jr.
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.